Thomas A. Aurelio, J.
This is an action to recover damages for the breach of a contract in writing entered into between the parties hereto on April 1,1947. The agreement provides:
1. That rosen shall do the following at once: (a) resign as President and Director of guaranteed, (h) retire from full time employment with guaranteed, (c) relinquish his rights to his present compensation paid to him hy guaranteed consisting of sums in excess of $25,000.00 per annum, and (d) that in lieu thereof rosen’s compensation shall be fixed in the sum hereinafter set forth effective from the day hereof.
2. That bosen be and he hereby is retained and employed by guaranteed as a “special consultant” to give advice whenever reasonably called upon by guaranteed in connection with its public relations, advertising and as general consultant to the business of guaranteed, it being understood that rosen shall not be required to devote all of his time and attention to the said business.
3. That this agreement of employment shall be for and shall continue to be in force during the remainder of rosen’s lifetime and shall expire upon his decease. That the compensation to be paid by guaranteed to rosen shall be the sum of $7500.00 per annum payable in equal weekly installments on Friday of each and every week during the lifetime of rosen.
4. That rosen shall not, and he hereby agrees not to engage in the exterminating business or any allied business, directly or indirectly, either as principal, partner, agent, employee or officer, director or stockholder of any corporation during his lifetime. This restrictive covenant shall apply against rosen in any part of the United States, its territories and possessions.
This agreement shall be binding upon the successors and assigns of guaranteed.
The agreement was honored up to and including the month of January, 1960, a period of 13 years less 2 months, when defendant, a few months after there was a change of stock ownership and management of defendant, wrote to plaintiff by letter dated February 1, 1960, as follows :
Dear Sir:
After full investigation of the circumstances surrounding the execution of the agreement of April 1, 1947, we have consulted with our attorney concerning our rights and liabilities under the same.
Our attorney is of the opinion, in which we concur, that the contract is not binding upon the company and is entirely without legal effect so far as the company is concerned. Accordingly, you are hereby notified that we will not make any further payments to you under the so-called agreement.
We have directed counsel to take whatever steps may be necessary to have the document declared a nullity and to obtain the return of moneys heretofore paid to you thereunder.
Very truly yours,
GUARANTEED SANITATION, INO.
s/ L. L. Crosby By
L. L. CROSBY
President
The complaint alleges plaintiff duly performed the contract and seeks to recover damages in the sum of $100,000 by reason of defendant’s unlawful repudiation of the contract.
*700 The defense, in effect, is that plaintiff did not perform the agreement in that he rendered no services for defendant; never offered to do so, and is, and has been for some time, incapable of performance; that on April 1, 1947 plaintiff, the owner of 100 shares of capital stock of defendant, sold the same to one Edgerton R. Jennings; that no consideration was paid by Jennings, and, in lieu thereof, plaintiff and Jennings authorized the defendant corporation to pay for such shares of stock through the execution of the aforesaid agreement; that defendant corporation received no consideration for the agreement; that it was not a legitimate corporate obligation; that the agreement was a trick and device to enable Jennings to use corporate assets for his personal and private obligation; that the agreement is ultra vires and against public policy; and that, by reason of physical and mental infirmities, he, plaintiff, was incapable of performing the agreement or of rendering any services to defendant thereunder. Defendant has also interposed a counterclaim for $100,000 to recover the approximate amount paid to plaintiff since the execution of the agreement on April 1, 1947.
The record indicates that the board of directors at its meeting held the same day, April 1, 1947, unanimously approved the agreement, and, thereafter, defendant, for 13 years less 2 months, faithfully carried out its terms by paying plaintiff $7,500 yearly as provided for in the contract. There is evidence in the case that plaintiff was called upon for advice on a number of occasions over the years but not frequently. It is apparent that from the very nature of the agreement plaintiff was not required to do very much. It certainly was contemplated that the plaintiff might reach an age when he could render no services at all. I find and decide plaintiff has in good faith and to the best of his ability performed the contract.
It appears that when the agreement was made in 1947 plaintiff was about 67 years of age and still engaged in the business he had organized many years before. Under his skill and ingenuity, the business prospered and the name Rosen became well known and recognized as a big factor in the exterminating business. The restrictive covenant in the agreement therefor was a very substantial consideration, the benefit of which defendant corporation has enjoyed since 1947. I conclude the covenant is fair and reasonable and in itself constitutes ample consideration for the agreement.
Defendant contends that since the covenant is unlimited as to time and area defendant could not enforce it if plaintiff chose to violate it. I do not agree. The cases relied upon by defendant corporation declaring invalid a covenant restricting the right *701 of a person to engage in a competing business which is unlimited as to time or area are not applicable here. I am of the opinion that plaintiff could not have violated this covenant with impunity because, unlike the eases defendant relies upon, it imposes no hardship upon him since it provides for the payment of $7,500 yearly for life, a sum which I find and decide to be fair, reasonable and adequate in the circumstances.
Moreover, the agreement also provides in paragraph 1 that “ rosen shall do the following at once: (a) resign as President and Director of guaranteed, (b) retire from full time employment with guaranteed, (c) relinquish his rights to his present compensation paid to him by guaranteed consisting of sums in excess of $25,000.00 per annum, and (d) that in lieu thereof rosen’s compensation shall be fixed in the sum hereinafter set forth effective from the day hereof.”
By the transaction which led to plaintiff’s resignation as president of defendant and the execution of the agreement upon which this action is based, Edgerton R. Jennings, referred to in defendant’s answer, became the outright owner of 100 shares of defendant’s stock in his name, which by a prior agreement Jennings could not dispose of without first offering it to plaintiff for $1,000. At the time of the agreement the stock had a value of about $80,000. Defendant contends, thus, it is apparent, that the real nature of the April 1,1947 agreement was a device to enable Jennings to use corporate assets to pay for his personal and private obligation. Be this as it may, the fact remains that Jennings and his associates took over the defendant corporation willingly and freely and with full participation in the transaction and with full knowledge of the existence of the agreement. It should be noted that neither creditors nor anyone else was prejudiced thereby, and it should also be noted that the new ownership of the stock of the corporation and management thereof were likewise fully aware of the April 1,1947 agreement which was honored by them for at least five months after acquiring control of the corporation.
Upon the record before me, I have reached the conclusion that there was ample consideration for the agreement; that it is legal and binding upon both parties to it; and that plaintiff has fairly and satisfactorily established that defendant wrongfully breached the contract and that he is entitled to recover damages by reason thereof.
Plaintiff is approximately SO years of age. I observed him during the trial and listened to him testify. I am of the opinion that he is in good condition for a man of his years.
*702 Plaintiff is awarded the sum of $35,000 which takes into consideration that he has not been paid since February 1, 1960 and also his life expectancy. I believe this sum to be fair, reasonable and adequate compensation for the breach in the circumstances here involved. Interest thereon to be computed by the Clerk from February 1, 1960.
In view of the court's finding in favor of plaintiff, it will not be necessary to reopen the trial in order to enable plaintiff to further cross-examine defendant’s witness Crosby, defendant’s attorney having requested that his testimony be withdrawn and not considered by the court. Accordingly, the testimony of this witness is stricken and not considered. The counterclaim is dismissed on the merits.